IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN RUGER,

        Plaintiff,

  vs.                                    Civil Action 2:11-CV-969
                                          Judge Watson
                                          Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

      This is an action under 42 U.S.C. § 405(g) for review of a decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income benefits.  On March 6, 2013, the decision of the Commissioner was reversed and the matter was remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further proceedings.  *Judgment,* ECF 17.  This matter is now before the Court on plaintiff's motion for attorney fees under 20 C.F.R. §§ 416.1525, 416.1528, ECF 18.  The Commissioner has filed no response to the motion.

      Plaintiff seeks an attorney fee of $5,740.00, that amount reflecting compensation at a rate of $350.00 per hour for 16.4 itemized hours of work.  Submitted in support of the motion is a copy of a fee agreement by which plaintiff agrees that his counsel should receive 25% of his retroactive benefits. *Exhibit B* attached to ECF 18.

1

The *Notice of Award*, *Exhibit A* attached to ECF 18, indicates that plaintiff's retroactive benefits amount to $ 45,703.02. The requested fee is, of course, less than 25% of the retroactive benefits.

By statute, a court must award "a reasonable fee not in excess of 25 per cent of the total past-due benefit."  42 U.S.C. §406(b).  A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made.  20 C.F.R. §416.1525(b).  A fee agreement between a recipient and his or her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter.  *Hayes v. Secretary of Health and Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical rate that is less than twice the standard rate is *per se* reasonable."  *Id*. at 422. In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon consideration of all the appropriate factors, the Court concludes that the requested fee is reasonable.  It is far less than 25% of the past-due benefits, plaintiff has signed a contingency fee,

2

the requested fee does not reflect a rate of compensation more than twice the standard rate and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

It is therefore **RECOMMENDED** that plaintiff's motion for attorney fees under 20 C.F.R. §§ 416.1525, 416.1528, ECF 18, be **GRANTED** and that plaintiff's attorney be **AWARDED** a fee of $5,740.00, or 25% of the past-due benefits, whichever is less.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                        *s/Norah McCann King*
                                          Norah M$^c$Cann King
                                  United States Magistrate Judge

Date April 1, 2014